IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL GANDERATH,<br><br>Plaintiff,<br><br>vs.<br><br>M&T MORTGAGE; CITIBANK FSB; CHASE HOME FINANCE; CITIMORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AND DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br>Case No. 2:11-CV-389 TS |

This matter is before the Court on two Motions to Dismiss filed by Defendants.[1] For the reasons discussed below, the Court will grant both Motions.

---

[1] Defendants Chase Home Finance ("Chase") and Mortgage Electronic Registration System ("MERS") have filed one Motion (Docket No. 10), while Defendants Citibank FSB ("Citibank"), CitiMortgage, and MERS have filed the second (Docket No. 12). Defendant M&T has been dismissed from this action. Docket No. 18.

1

## I. BACKGROUND

On July 26, 2005, Plaintiff executed a promissory note in favor of M&T Mortgage in the principal amount of $612,700 (the "First Note"). The First Note is secured by a Deed of Trust (the "First Trust Deed"), which encumbers real property in Draper, Utah (the "Property"). The First Trust Deed identifies Integrated Title as trustee, M&T Mortgage as lender, and MERS as beneficiary "solely as nominee for Lender and Lender's successor and assigns."[2] Under the First Trust Deed, "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and cancelling this Security Instrument."[3] Servicing of the First Note was assigned to Defendant Chase.

On January 11, 2006, Plaintiff executed a promissory note in favor of Citibank in the amount of $250,000 (the "Second Note"). The Second Note is secured by a Deed of Trust (the "Second Trust Deed"), which encumbers the Property. The Second Trust Deed states that MERS "is Beneficiary of this Deed of Trust solely as nominee for Lender and Lender's successors and assigns and the successors and assigns of [MERS]."[4] CitiMortgage is the successor in interest of the Second Note.

Plaintiff failed to meet his obligations under the Notes and Trust Deeds.

---

[2]Docket No. 11, Ex. A.

[3]*Id*.

[4]Docket No. 13, Ex. A.

2

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[6] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[7] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[8] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on

---

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[7] *GFF Corp.*, 130 F.3d at 1384.

[8] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[11]

### III. DISCUSSION

A.  DECLARATORY JUDGMENT

Plaintiff seeks declaratory judgment that Defendants have no right to foreclose on the Property. Plaintiff makes two arguments in support of this claim. First, Plaintiff argues that MERS is not a proper beneficiary under the deed of trust. Second, Plaintiff asserts that "MERS must have a separate agency agreement with subsequent owners of the promissory note in order to retain its status as a 'beneficiary' under a deed of trust."[12]

Turning to the first argument, the Court finds that it must be rejected. Plaintiff recognizes, as he must, that this Court has repeatedly rejected this argument, but feels compelled to direct the Court's attention to recent case law holding that MERS cannot act as beneficiary. As Plaintiff correctly recognizes, this Court has repeatedly held that MERS has the ability to act as a beneficiary, conduct foreclosure proceedings, and make assignments of deeds of trust. The Utah Court of Appeals has recently agreed with this assessment.[13] Plaintiff has provided no basis

---

[11]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[12]Docket No. 19 at iii; *see also* Docket No. 15 at 9 ("MERS lost its status as a 'beneficiary' unless it entered into a separate agency/beneficiary agreement with the subsequent purchaser of the promissory notes.").

[13]*Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, — P.3d —, 2011 WL 2714429, at *4-5 (July 14, 2011).

for the Court to reconsider its prior decisions and the Court declines to do so. The plain language of the deeds of trust in this case specifically recognizes MERS as the beneficiary and Plaintiff has presented nothing to suggest that this is improper.

Plaintiff next argues that MERS must have a separate agency agreement with subsequent owners of the promissory note in order to retain its status as a "beneficiary" under a deed of trust. This argument, however, is not supported by law or the plain language of the deed of trust. The deed of trust specifically establishes MERS as "a nominee for Lender and Lender's successors and assigns."[14] Under the express terms of the deeds of trust, Plaintiff agreed to MERS's continuing status as nominee and beneficiary, even after the deeds of trust were transferred, assigned, or sold. Therefore, this argument too must be rejected.

B.   QUIET TITLE

Plaintiff requests the Court quiet title to the Property in his favor. Plaintiff's quiet title claim is based on the allegation that the "Trust Deeds and Notes were intentionally separated by assignment of the respective trust deeds without assignment of the Notes during the securitization process" and "[s]ubsequent to securitization of the Plaintiff's Notes, M&T Mortgage, Citibank, CitiMortgage, and MERS have no interest in the Subject Property."[15] This Court has again repeatedly rejected such "securitization" and "split note" claims. Therefore, this claim must fail as well.

---

[14] Docket No. 11, Ex. A; Docket No. 13 Ex. A.

[15] Docket No. 1, Ex. A, ¶¶ 140-41.

C.     BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING[16]

Plaintiff's seventh cause of action alleges that Defendants breached the duty of good faith. Specifically, Plaintiff alleges that Defendants breached the duty by: (1) making representations and material misrepresentations to Plaintiff concerning the status of Plaintiff's Notes and his ability to modify the terms of his Notes; (2) failing to present evidence, upon Plaintiff's request, regarding the unidentified and/or misrepresented current foreclosor's authority; and (3) failing to provide proof that it was (or is) the true holder of the Note or that it was the authorized agent for purposes of foreclosing the note. The Court finds that this claim fails as a matter of law.

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[17] Plaintiffs' seventh cause of action seeks to impose new duties upon Defendants and grant Plaintiff new rights relating to the modification of the loan's original terms. The covenant of good faith and fair dealing cannot be relied on to create a contract different than the one agreed to by the parties. Plaintiff's seventh cause of action, therefore, fails as a matter of law and must be dismissed.

---

[16]Plaintiff does not oppose Defendants Citibank, CitiMortgage, and MERS' Motion to Dismiss his claim for breach of the covenant of good faith and fair dealing. *See* Docket No. 19. Plaintiff does, however, oppose dismissal of this claim in his opposition to the Motion to Dismiss filed by Chase and MERS. *See* Docket No. 15. Therefore, the Court will discuss this claim.

[17]*PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

D.   REMAINING CLAIMS

In addition to the claim discussed above, Plaintiff's Complaint brings claims intentional misrepresentation, negligent misrepresentation, violation of the Utah Deceptive Trade Practices Act, and lack of formation of contract. Plaintiff has failed to oppose Defendants' Motions to Dismiss these claims. Therefore, the Court finds that Plaintiff has abandoned these claims and they will be dismissed.

## IV. CONCLUSION

It is therefore

ORDERED that the Motion to Dismiss filed by Chase and MERS (Docket No. 10) is GRANTED. It is further

ORDERED that the Motion to Dismiss filed by Citbank, CitiMortgage, and MERS (Docket No. 12) is GRANTED.

Plaintiff's Complaint is dismissed with prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED   July 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge